### WINDER et al. v. POLLACK.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

1. EVIDENCE (§ 147*)—ADMISSIBILITY—NEGATIVE EVIDENCE.

In an action for goods sold, defendant's books of account, containing no entry of the receipt of certain goods, and the testimony of defendant's bookkeeper that the books contained no such entry, were not admissible to show nondelivery of such goods.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 435–437; Dec. Dig. § 147.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where the issue of delivery was sharply contested, the erroneous admission of such books and such testimony was seriously prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Winder and another against Julius Pollack. From a judgment entered in favor of defendant upon the verdict of a jury, plaintiffs appeal. Reversed, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Meyer Levy, of New York City, for appellants.

John L. Bernstein, of New York City, for respondent.

SHEARN, J. The action was brought to recover $237.84, balance due for merchandise sold and delivered. One item was in dispute, that of October 10, 1914, consisting of 24 ladies' coats, at $6 each. Defendant also claimed payment in full by a check for $106.

[1, 2] As to the defense of payment, it was uncontradicted that the check was deposited in regular course, but came back from the bank dishonored. To resist the claim of delivery of the 24 coats, the court permitted defendant to introduce in evidence his books of account, to show the negative fact that they contained no entry of the receipt of the coats, and his bookkeeper was permitted to testify that the books contained no such entry. Obviously this was error (Linden v. Thieriot, 96 App. Div. 256, 89 N. Y. Supp. 273), and seriously prejudicial in a case where the issue of delivery was sharply contested and was submitted to a jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.